**Jeffrey NAVIN, Plaintiff–Appellant,**

**v.**

**HSBC BANK USA, NATIONAL ASSOCIATION, As Trustee for the Holders of Deutsche Alt–A Securities Inc., Mortgage Loan Trust Series 2005–6**

c/o Americas Servicing Company for Norwest Home Improvement, Wells Fargo, Wells Fargo Bank, Defendants–Appellees.

No. 13–3368.

United States Court of Appeals, Second Circuit.

Oct. 21, 2014.

Kenneth R. Davis, Stamford, CT, for Appellant.

Marc S. Edrich (Joseph H. Carlisle, on the brief), Litchfield Cavo LLP, Simsbury, CT, for Appellees.

PRESENT: AMALYA L. KEARSE, CHESTER J. STRAUB and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Jeffrey Navin ("Navin") appeals from a decision of the United States District Court for the District of Connecticut dismissing his complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as an order denying Navin's motion for reconsideration.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The majority of Navin's claims are barred by the *Rooker–Feldman* doctrine because they were already litigated and decided by Connecticut state courts. *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir.2010). To the extent that Navin raises claims under the Connecticut Unfair Trade Practices Act ("CUTPA"), CONN. GEN.STAT. §§ 42–110a *et seq.*, that are not barred by *Rooker–Feldman*, those claims are time-barred as not having occurred within the three-year statute of limitations. We have considered all of Navin's remaining arguments and find them to be without merit, and we affirm the dismissal of Navin's complaint for substantially the reasons stated in Judge Underhill's well-reasoned decision.[2]

For the reasons stated above, the judgment of the district court is **AFFIRMED.**

---

1. The standards of review are not in dispute. We review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir.2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). We review the denial of a motion for reconsideration for abuse of discretion. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.2012).

2. Defendants–Appellees' motion to dismiss the appeal for Navin's failure to file a principal brief that complies with Federal Rule of Appellate Procedure 28(a) and/or Local Rule 28.1 is DENIED as moot.